**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEM COTE,

  Petitioner - Appellant,

v.

DARRYL ADAMS,

  Respondent - Appellee.

No. 12-55844

D.C. No. 5:07-cv-00486-DDP-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted November 18, 2014
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and ZOUHARY, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Petitioner Kem Cote appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his California convictions for child sexual abuse. He makes two principal arguments in this appeal.

The first is that his appellate counsel was ineffective for failing to argue that a mid-trial amendment of the information violated his due process right to notice of the charges and the penalty he faced. While he argues that the state court's determination is not entitled to deference under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the reasoned opinion of the state trial court, affirmed by the California Supreme Court, is entitled to deference. *See Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011). The state ineffective assistance of counsel claim did not materially differ from the federal claim, and the state court's reasoned disposition rejected the state claim. *See Johnson v. Williams*, 133 S. Ct. 1088, 1094–99 (2013) (applying deference to a federal claim not expressly mentioned in the state court decision, where state and federal claims were not "quite different"). Cote has not overcome the presumption that the federal claim was also adjudicated on the merits.

As to the merits, the state court did not unreasonably apply the principles of *Strickland v. Washington*, 466 U.S. 668 (1984), when it found that Cote did not suffer from ineffective assistance of counsel. Cote contends appellate counsel's

failure to raise a due process argument based on the mid-trial amendment of the information was deficient, but he cannot establish prejudice under any standard of review. The effect of the amendment was to narrow the time period covered by the charges. The amendment did not change the maximum sentencing exposure, or charge matters not covered in the original information. Moreover, Cote has never indicated how additional notice would have affected the manner in which his case was presented. *See Gautt v. Lewis*, 489 F.3d 993, 1003–04 (9th Cir. 2007) (noting an information is constitutionally sufficient if it states "the elements of the offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend against").

Cote's second contention is that the state courts unreasonably determined that a juror's statements during deliberations did not constitute prejudicial misconduct. The state courts found that the juror's comment, concerning how her experience as a court reporter bore on interpreting one of the instructions was not misconduct, and was not prejudicial in any event. These findings were not objectively unreasonable. *See Wood v. Allen*, 558 U.S. 290, 301–02 (2010) (noting a state court finding must be unreasonable, not merely debatable, to warrant habeas relief).

**AFFIRMED**.